IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| LARHONDA J. STROZIER | : | Case No. 17-cv-00817 |
| 12130 Sycamore Terrace Drive, Apt. E | : | |
| Cincinnati, Ohio 45249, | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARREN COUNTY SHERIFF'S OFFICE | : | **COMPLAINT** |
| 822 Memorial Drive | : | |
| Lebanon, Ohio 45036, | : | **WITH JURY DEMAND** |
| | : | |
| Defendant. | : | |

_____

**I.      PARTIES**

1.      Plaintiff LaRhonda J. Strozier ("Plaintiff") is an Ohio citizen who resides in Cincinnati, Ohio. Plaintiff is female and during all relevant times she was an employee within the meaning of 42 U.S.C. § 2000e(f) and Ohio Rev. Code § 4112.01(A)(3).

2.      Defendant Warren County Sheriff's Office ("Defendant") is a law enforcement agency for Warren County, Ohio with its principle place of business located at 822 Memorial Drive, Lebanon, Ohio 45036. Defendant, among other things, operates a prison facility and employed Plaintiff at that facility as a corrections officer. During all relevant times, Defendant was an employer within the meaning of 42 U.S.C. § 2000e(b) and Ohio Rev. Code § 4112.01(A)(2).

3.      Plaintiff seeks injunctive relief, compensatory damages, punitive damages, and her attorney's fees and costs associated with this action based on Defendant's violations of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Ohio Revised Code § 4112, et seq., that occurred during the course of Plaintiff's employment with Defendant.

**II.        JURISDICTION AND VENUE**

4.      Jurisdiction in this case is proper under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(3) and (4), which grants the District Court jurisdiction to hear this action without regard to the amount in controversy.

5.      Venue is appropriate in this District Court under 28 U.S.C. § 1391(b) because (i) a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and (ii) this is the District in which Plaintiff and Defendant reside.

6.      In October 2016, Plaintiff filed a charge of employment discrimination (Charge No. 473-2016-01167) pursuant to Title VII based on sex discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  On August 10, 2017, the EEOC issued a determination letter finding evidence Defendant discriminated against Plaintiff and other female correction officers on the basis of sex.  Plaintiff was subsequently issued her right to sue letter on November 6, 2017.  True and accurate copies of the EEOC charge, EEOC determination letter, and Plaintiff's right to sue letter are attached as Exhibits A through C, respectively.

**III.       FACTUAL BACKGROUND**

7.      Plaintiff works for Defendant as a corrections officer at the Warren County Jail located in Lebanon, Ohio.  The Warren County Jail houses both male and female inmates, and Defendant employs both male and female corrections officers at this facility.

8. During the course of Plaintiff's employment, Defendant required and continues to require Plaintiff and other female corrections officers to work a disproportionate amount of mandatory female only overtime hours, shifts, and assignments.

9. Upon information and belief, Defendant does not impose such mandatory obligations similarly situated male corrections officers. Defendant discriminates against its female corrections officers by imposing additional burdens on female corrections officers in determining scheduling, off days, post rotations, and assignments.

10. Despite Plaintiff and other female corrections officers raising the foregoing discriminatory conduct with supervisors and administrative staff, Defendant refuses to implement employment practices that would stop Defendant's unlawful conduct from continuing. For example, such non-discriminatory employment practices could include allowing male officers to perform common officer duties or hiring additional female officers to eliminate the discriminatory conduct, which would eliminate the need for mandatory female only overtime hours.

11. Plaintiff is a single mother and the sole provider for her family. The experience of discrimination has caused extreme mental anguish for her and her family. As a result of Defendant's discriminatory conduct, Plaintiff has been damages by (among other things) increased child care costs, time spent away from her family, and having to work in a environment hostile toward her sex.

12. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to emotional distress, mental suffering and other compensatory damages.

## COUNT I
## <u>RACIAL DISCRIMINATION</u>
**(Violation of 42 U.S.C. § 2000e-2)**

13. Plaintiff incorporates by reference the allegations of paragraphs 1 through 12 of the Complaint as if fully set forth.

14. Title VII expressly prohibits certain unlawful employment practices and provides, in part, that:

> "It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

15. Defendant discriminated against Plaintiff on the basis of sex by forcing her to work mandatory overtime which male corrections offices were not required to work. Defendant denied Plaintiff (i) the same rights enjoyed by similarly situated male corrections officers employed with Defendant, and (ii) the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of 42 U.S.C. § 2000e-2.

16. Defendant conducted itself intentionally, deliberately, willfully, and in callous disregard of Plaintiff's rights.

17. By reason of the continuous nature of Defendant's discriminatory conduct, unstayed throughout the entire liability period, Plaintiff is entitled to application of the continuing violation doctrine to all of the violations alleged herein.

18. By reason of Defendant's discrimination and violations of 42 U.S.C. § 2000e-2, Plaintiff is entitled to all legal and equitable remedies available under 42 U.S.C. § 2000e-5, including injunctive relief, compensatory damages, punitive damages, and attorney's fees and costs.

## COUNT II
## UNLAWFUL DISCRIMINATORY PRACTICES
(Violation of Ohio Rev. Code § 4112 et seq.)

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 of the Complaint as if fully set forth.

20. The Ohio Unlawful Discrimination Practices Statute (Ohio Rev. Code § 4112 et seq.) prohibits certain unlawful discriminatory practices by employers towards their employees.

21. Defendant violated Chapter 4112 by discriminating against Plaintiff on the basis of her sex.

22. By reason of Defendant's discrimination and violations of Chapter 4112, Plaintiff is entitled to all legal and equitable remedies available under Ohio Rev. Code § 4112.99, including injunctive relief, compensatory damages, punitive damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in her favor as follows on each claim for relief:

A. Award Plaintiff equitable relief enjoining Defendant's unlawful conduct;

B. Award Plaintiff nominal and compensatory damages in an amount to be determined at trial;

C. Award Plaintiff punitive damages from Defendant's willful and malicious conduct in an amount to be determined at trial;

D. Award Plaintiff pre-judgment and post-judgment interest in an amount to be determined at trial;

E. Award Plaintiff her attorney's fees, costs and expenses in an amount to be determined at trial; and

F. Award Plaintiff such other and further relief as this Court deems necessary.

Respectfully submitted,

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski, Trial Attorney (0079582)
Cori R. Besse (0081447)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel:  (513) 618-6595
Fax: (513) 618-6442
asadlowski@sb-lawyers.com
cbesse@sb-lawyers.com

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski